IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CASE NO. 1:24-cr-216-ECM |
| | ) [WO] |
| CARLOS OLIVO YNIRIO-SANCHEZ, *et al.* | ) |

**MEMORANDUM OPINION and ORDER**

Before the Court are Defendant Cornelius Kilow's ("Kilow") motion to continue trial (doc. 382) filed on December 16, 2024, and Defendant Terrell Edwards' ("Terrell Edwards") motion to continue trial (doc. 410) filed on December 20, 2024. On December 16, 2024, the Court ordered counsel for Defendants Dontavia Barrow ("Barrow"), Terrell Edwards, Palmere Ritter ("Ritter"), Carlos Ynirio-Sanchez ("Ynirio-Sanchez"), Michael Sanford ("Sanford"), Anthony Williams ("Williams"), Willie C. Matthews ("Matthews") and Deondre Ferebee ("Ferebee"), each to file, no later than December 23, 2024, "a written notice or status report regarding their respective client's position on continuing the trial as to all Defendants." (Doc. 398 at 2). Counsel for Sanford (doc. 400), Kilow (doc. 408), Terrell Edwards (doc. 410), Barrow (doc. 413), Williams (doc. 415), Ferebee (doc. 419), Matthews (doc. 425), Ynirio-Sanchez (doc. 427), and Ritter (doc. 434) each filed a status report or motion to continue, although Matthews', Ynirio-Sanchez's, and Ritter's submissions were late. Also pending before the Court are Matthews' motion to accept untimely filing (doc. 426) and Ynirio-Sanchez's motion for leave to file response out of time (doc. 428).

Jury selection and trial are presently set on the term of court commencing on January 27, 2025. For the reasons set forth below, the Court will grant a continuance of the trial pursuant to 18 U.S.C. § 3161(h)(7), and the Court also will accept Matthews', Ynirio-Sanchez's, and Ritter's submissions as timely.

While the trial judge enjoys great discretion when determining whether to grant a continuance, the Court is limited by the requirements of the Speedy Trial Act. 18 U.S.C. § 3161; *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986). The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).

The Act excludes, however, certain delays from the seventy-day period, including delays based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A). In determining whether to grant a continuance under § 3161(h)(7), the Court "shall consider," among other factors, whether denial of a continuance would likely "result in a miscarriage of justice," or "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* § 3161(h)(7)(B)(i), (iv).

Counsel for Kilow represents to the Court that she needs additional time to obtain out of state documents, which likely will not be produced before the current January 6, 2025 change of plea deadline. (Doc. 408 at 1). Additionally, counsel for Terrell Edwards represents to the Court that he needs additional time to engage in plea negotiations with the Government. (Doc. 410 at 1). Neither the Government nor the other Defendants oppose a continuance. "There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). After careful consideration, the Court finds that the ends of justice served by granting a continuance of this trial outweigh the best interest of the public and the Defendants in a speedy trial. Accordingly, and for good cause, it is

ORDERED that the motions to continue (docs. 382, 410) are GRANTED as to all Defendants, and jury selection and trial are CONTINUED from January 27, 2025, to the criminal term of court set to commence on **April 28, 2025, at 10:00 a.m.** in **Dothan**, Alabama. All deadlines tied to the trial date are adjusted accordingly. It is further

ORDERED that Matthews' motion to accept untimely filing (doc. 426) and Ynirio-Sanchez's motion for leave to file response out of time (doc. 428) are GRANTED.

The United States Magistrate Judge shall conduct a pretrial conference prior to the April trial term.

Done this 6th day of January, 2025.

                                           /s/ Emily C. Marks
                                     EMILY C. MARKS
                                     CHIEF UNITED STATES DISTRICT JUDGE